

**NORTHERN DISTRICT OF TEXAS**
**ENTERED**
**TAWANA C. MARSHALL, CLERK**
**THE DATE OF ENTRY IS**
**ON THE COURT'S DOCKET**

**The following constitutes the ruling of the court and has the force and effect therein described.**

**Signed January 12, 2010**                                                                 **United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| HYSKY COMMUNICATIONS, LLC, | § | Case No. 09-35340-HDH |
| | § | |
| Debtor. | § | Chapter 11 |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER CONFIRMING LIQUIDATING CHAPTER 11 PLAN PROPOSED BY HYSKY COMMUNICATIONS, LLC

Hysky Communications, LLC (the "Debtor"), having filed its Plan of Liquidation Dated November 30, 2009 (the "Plan"); and the Debtor having filed the Disclosure Statement for the Plan (the "Disclosure Statement"); and the Court, by Order dated December 1, 2009 (the "Disclosure Order") having approved the Disclosure Statement; and upon the certificate of service filed herein reflecting compliance with the notice and solicitation requirements of the Disclosure Statement Order; and upon the Chapter 11 Ballot Summary [Docket No. 81] (the "Ballot Summary"); and an objection [Docket No. 80] (the "Objection") to confirmation of the Plan having been filed by the United States Trustee (the "Trustee"); and after a hearing having

been held on January 11, 2010 (the "Hearing"); and the Objection having been resolved as set forth on the record at the Hearing; and upon the evidence adduced and proffered and the arguments of counsel made at the Hearing; and the Court having reviewed all documents in connection with confirmation and having heard all parties desiring to be heard; and upon the record compiled in the case; and after due deliberation and consideration of all the foregoing; and sufficient case appearing therefore; the Court hereby makes the findings of fact and decrees set forth below.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

IT IS HEREBY FOUND AND DETERMINED THAT:

    A.    Capitalized terms used herein, but not defined herein, shall have the respective meanings attributed to such terms in the Plan and the Disclosure Statement.

    B.    This Court has jurisdiction over the Debtors' chapter 11 cases pursuant to 28 U.S.C. §§ 1334(a) and 157(1). Venue of these proceedings and these chapter 11 cases in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding and pursuant to 28 U.S.C. § 157(b)(2).

    C.    In accordance with the Disclosure Statement Order, the Debtors caused a copy of the Disclosure Statement, the Plan, the Disclosure Statement and Confirmation Notice, and if applicable a Ballot (the "Solicitation Package") to be timely mailed to all person and entities required by the Bankruptcy Code and Bankruptcy Rules.

    D.    The Plan complies with all of the applicable provisions of the Bankruptcy Code, including but not limited to sections 1122 and 1123 of the Bankruptcy Code, and satisfies the requirements for confirmation set forth in section 1129 of the Bankruptcy Code.

    E.    The classification of Claims and Equity Interests under the Plan is proper under

section 1122 of the Bankruptcy Code.

F. Votes to accept or reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules, the Disclosure Statement Order, and all other orders of this Bankruptcy Court. As evidenced by the Ballot Summary, Class 4 voted to accept the Plan pursuant to 11 U.S.C. §§ 1124 and 1126. Sufficient time was provided to the holders of Claims in Class 4 to accept or reject the Plan, and the solicitation materials and procedures comply with the Disclosure Statement Order and section 1126 of the Bankruptcy Code and the requirements of Bankruptcy Rule 3018.

G. The Plan provides the same treatment for each Claim or Equity Interest of a particular Class, unless the holder of such Claim or Equity Interest agrees to less favorable treatment of such particular claim or interest. The Plan also provides adequate means for the Plan's implementation.

H. The Debtor, as proponent of the Plan, has complied with the applicable provisions of the Bankruptcy Code.

I. The plan has been proposed in good faith and not by any means forbidden by law.

J. Any payments made or promised by the Debtor, or a person acquiring property under the Plan, for services or for costs and expenses in, or in connection with, the Bankruptcy Cases, or in connection with the Plan and incident to the cases, have been approved by, or are subject to approval of the Court as reasonable.

K. The Plan satisfies section 1129(a)(5) of the Bankruptcy Code. The Plan provides for the liquidation of the Debtor and the payment of allowed claims from the funds from such liquidation.

L. The provisions of section 1129(a)(6) of the Bankruptcy Code are inapplicable to

this case because there are no rate changes provided for in the Plan for which a governmental regulatory commission will have jurisdiction over the Debtors after confirmation of the Plan.

M.     The Plan satisfies section 1129(a)(7) of the Bankruptcy Code. The evidence proffered and/or adduced at the Confirmation Hearing (a) persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that each holder of an impaired Claim or Equity interest has either accepted the Plan or will received or retain under the Plan, on account of such Claim or Equity Interest, property of a value, as of the Effective Date, that is not less than the amount that such holder would so receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code on such date.

N.     All Class 1 Allowed Priority Claims are unimpaired Claims that are conclusively presumed to have accepted the Plan under section 1126(f) of the Bankruptcy Code. Class 4 voted to accept the Plan in accordance with section 1126(c) of the Bankruptcy Code. Class 5 Equity Interests are not entitled to receive or retain any property under the Plan and, therefore, are deemed to have rejected the Plan pursuant to section 1126(g) of the Bankruptcy Code. Although section 1129(a)(8) of the Bankruptcy Code has not been satisfied with respect to Class 5, and no votes were received with respect to Classes 2 and 3, the Plan is confirmable because the Plan satisfies section 1129(b) of the Bankruptcy Code with respect to the treatment of the Classes 2 and 3 and Class 5 Equity Interests.

O.     Except to the extend that the holder of a particular Claim has agreed to a different treatment of such Claim, the treatment of Claims under the Plan of the type specified in sections 507(a)(1) through 507(a)(8) of the Bankruptcy Code, if any, complies with the provisions of section 1129(a)(9) of the Bankruptcy Code.

P.     At least one impaired Class of Claims has accepted the Plan, determined without

including any acceptances of the Plan by an insider.

Q. Confirmation of the Plan is not likely to be followed by the need for further liquidation or financial reorganization of the Debtors other than the liquidation contemplated by the Plan. The evidence proffered or adduced at the Confirmation Hearing (a) is persuasive and credible, (b) has not been controverted by other evidence, and (c) establishes that confirmation of the Plan is not likely to be followed by the further liquidation or financial reorganization of the Debtors other than the liquidation contemplated by the Plan.

R. All fees payable under section 1930 of title 28 of the United States Code have either been paid or will be paid under the Plan.

S. The Debtors did not maintain or establish any plan, fund or program in whole or in part prior to or after the Petition Date that provided payments to any entity or person for the purpose of providing or reimbursing payments for retired employees and their spouses and dependents, for medical, surgical, or hospital care benefits, or benefits in the event of sickness, accident, disability, or death. As a result, section 1129(a)(13) is not applicable or is deemed satisfied.

T. Class 5 Equity Interests is deemed to reject the Plan, no votes were solicited with respect to Class 1 and no votes were received from Classes 2 and 3. Based upon the evidence proffered, adduced, or presented by the Debtor at the Confirmation Hearing, the Plan does not discriminate unfairly and is fair and equitable with respect to Classes 2, 3, and 5 and Class 1, as required by section 1129(b)(1) of the Bankruptcy Code. No Holder of a Claim or Equity Interest junior to Class 5 will receive or retain any property on account of such junior Claim or Equity Interest, and the holders of any Claims in Classes 1, 2, and 3, to the extent they exist, will receive a cash payment in the full amount of their Allowed Claims. Thus, the Plan satisfied the

requirements of sections 1129(b)(2)(A), (B) and (C) and therefore may be confirmed, notwithstanding the Plan Proponents' failure to satisfy section 1129(a)(8) of the Bankruptcy Code. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon the members of Classes 1, 2, 3 and 5.

U.   In the event that the Debtor does not pay Dallas County's claim prior to the state law delinquency date, Dallas County shall receive interest on its claim pursuant to 11 U.S.C. Sections 506(b) and 1129 at the state statutory rate of 12% per annum. Dallas County shall retain its liens against the proceeds of the sale of the Debtor's property. In the event of a default under the plan, Dallas County will send notice of the default to John Leininger via facsimile. The Debtor will have 15 days from the date of the transmission of the notice to cure the default. If the default is not cured, Dallas County shall be entitled to collect all amounts owed pursuant to state law outside of the Bankruptcy Court.

V.   No other chapter 11 plan has been proposed for confirmation.

W.   The primary purpose of the Plan is not the avoidance of taxes or requirements of section 5 of the Securities Act of 1933.

X.   Based on the record before the Bankruptcy Court in these Bankruptcy Cases, the Plan Proponents and their respective directors, officers, employees, shareholders, members, agents, advisors, accountants, consultants, attorneys, and other representatives and the other Exculpated Persons have acted in "good faith" within the meaning of section 1125(e) of the Bankruptcy Code and in compliance with the applicable provision of the Bankruptcy Code and Bankruptcy Rules in connection with all their respective activities relating to the solicitation of acceptances of the Plan and their participation in the activities described in section 1125 of the Bankruptcy Code, and are thus entitled to the protections afforded by section 1125(e) of the

Bankruptcy Code and the following exculpation provisions:

Y. ARTICLE X of the Plan is amended to read as follows: The Debtor, its directors, officers, mangers, members, management committee members, employees, agents, financial advisors, investment bankers, professionals, accountants and attorneys and each of their respective partners, owners and members shall not have or incur any liability to any Person for any act taken or omission made in connection with or in any way related to negotiating, formulating, implementing, confirming, consummating or administering this Plan, the Disclosure Statement, or any contract, instrument, release, or other agreement or document created in connection with or related to this Plan or the Bankruptcy Cases, or any other act taken or omission made in connection with the Bankruptcy Cases; provided that the foregoing provisions of this section shall have no effect on the liability of any Person that results from any act or omission that is determined in a Final order to have constituted fraud, gross negligence, will misconduct, criminal misconduct or from the intentional or unauthorized misuse of confidential information.

## **DECREES**

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. Pursuant to Bankruptcy Rule 7052, findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of act, in each case where appropriate.

2. The Plan is approved and confirmed pursuant to section 1129 of the Bankruptcy Code; provided, however, that if there is any conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. All objections,

including but not limited to the Objection, to the extent not withdrawn, and all reservations of rights pertaining to confirmation of the Plan included therein, are hereby overruled on the merits and denied.

3. The Debtor is hereby authorized, empowered, and ordered to issue, execute, deliver, file and record any documents or court papers r pleadings, and to take any and all actions that are necessary or desirable to implement, effectuate, and consummate the transactions contemplated by the Plan, whether or not specifically referred to therein and without further application or order of this Court.

4. The Debtor shall remain a debtor-in-possession under the Bankruptcy Code until the Effective Date. The Debtor shall wind up its affairs and make distributions to creditors after the Effective Date in accordance with the Plan.

5. Any and all Executory Contracts that have not previously been assumed and assigned or rejected by the Debtors shall be deemed rejected by the Debtors as of the Effective Date pursuant to section 365 of the Bankruptcy Code.

6. All proofs of claim with respect to claims arising from the rejection of executory contracts and unexpired leases, including the Executory Contracts, shall, unless another order of the Bankruptcy Court provides for an earlier date, be filed with the Bankruptcy Court within thirty (30) days after the Effective Date.

7. Unless required to be filed by an earlier date by another order of this Court, all requests for payment of Administrative Claims (other than a Professional Claim), must be filed and served on the Plan Proponents no later than thirty (30) days after the Effective Date. Any person that is required to file and serve such a request for payment of an Administrative Claim who fails to timely file and serve such request shall be forever barred, estopped and enjoined

from asserting such Claim or participating in distributions under the Plan on account thereof.

8. Unless required to be filed by an earlier date by another order of this Court, all requests for payment of Administrative Claims that are Professional Claims for services rendered through the Effective Date must be filed an deserve don the Debtor no later than forty-five (45) days after the Effective Date. Any person that is required to file and serve such a request for payment of a Professional Claim and fails to timely file an serve such request shall be forever barred, estopped and enjoined from asserting such Claim or participating in distributions under the Plan on account thereof.

9. Except with respect to objections to Claims based on rejection damages, the Debtors shall file all objections to Claims with this Court no later than 30 days after the Effective Date. Debtors has all file objections to Claims abased on rejection damages not later than 30 days after the later of (a) the date that such proof of claim is filed and (b) the Effective Date. These objection deadlines may be extended by the Court upon motion of the Debtors or Plan Administrator, with the consent of the Post-Effective Date committee, without notice or a hearing. After the date hereof, no party, other than the Debtor may file objections to the allowance of Claims.

10. This Order shall constitute all approvals and consents required, if any, by the laws rules or regulations of any State or any other governmental authority with respect to the implementation or consummation of the Plan and any other acts that may be necessary or appropriate for the implementation or consummation of the Plan.

11. The provisions of the Plan and this Order shall be, and hereby are now, and forever afterwards shall be, binding on the Debtors, all holders of Claim and Equity Interests (whether or not impaired under the Plan and whether or not, if impaired, they accepted the Plan),

any other party in interest, any other party making an appearance in these Chapter 11 cases, and any other person or entity affected thereby, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, or any person claiming through or in the right of any such person or entity.

12. The Court hereby retains jurisdiction of these Chapter 11 cases for all purposes provided for in the Plan and/or this Order.

13. In accordance with section 1123(b) of the Bankruptcy Code, except as otherwise provided herein and upon the terms and provisions of the Plan, the Debtor shall retain and may enforce, sue on, settle or compromise (or decline to do any of the foregoing) all claims, rights, causes of action, suits or proceedings, whether in law or in equity, whether known or unknown, that the Debtor or its Estate may hold against any Person or entity including, without limitation, all Avoidance Actions and Estate Actions.

14. The release, exculpation and indemnification provisions contained in the Plan including, without limitation, those set forth in Article X of the Plan, as amended herein, are hereby approved.

15. The failure to reference or discuss any particular provision of the Plan in this Order shall have no effect on the validity, binding effect or enforceability of such provision and such provision shall have the same validity, binding effect and enforceability as every other provision of the Plan.

16. The substantial consummation of the Plan, within the meaning of section 1127 of the Bankruptcy Code, shall be deemed to occur on the Effective Date.

17. Pursuant to Bankruptcy Rules 2002(f)(7) and 3020(c), the Debtors are hereby

direct to serve a notice of the entry of this Order (the "Confirmation Notice") no later than ten (10) days after the Effective Date of the Plan on all holders of record of Claims as of the date hereof, all parties who have entered appearance in these cases and requested notice pursuant to Bankruptcy Rule 2002, the Office of the United States Trustee, and all known record holders of Equity Interests in Class 5 as of August 2008.

***END OF ORDER***

Submitted by:

John C. Leininger
Texas Bar No. 24007544
BRYAN CAVE, LLP
2200 Ross Avenue, Suite 3300
Dallas, TX 75201
214.721.800 – Telephone
214.721.8100 – Facsimile

Attorney for HySky Communications, LLC